PEASLEE-GAULBERT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16247.   Promulgated December 17, 1928.

*Ward Loveless, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.

770

OPINION.

SIEFKIN: The respondent having admitted error as set forth in one of the assignments of error in the petition, the only question remaining to be decided is whether he erred in disallowing as a deduction from income of petitioner for the year 1920 the amount of $13,750 paid to John W. Barr in that year.

The evidence discloses that this amount was paid to Barr on October 6, 1920, for making an investigation and a recommendation

with regard to a suggested merger of petitioner and other companies for giving advice on miscellaneous financial matters, for advising as to the proper manner to finance the petitioner, for services in inducing stockbrokers to sell petitioner's 7 per cent preferred stock, and for preparing amendments to petitioner's charter. The petitioner, in accordance with Barr's recommendation, did not proceed with the merger.

In *Emerson Electric Manufacturing Co.*, 3 B. T. A. 932, we held that fees paid to lawyers for negotiating with brokers for the sale of the corporation's stock, and for securing an amendment to its charter to authorize an increase in its capitalization are not deductible by the corporation as ordinary and necessary expenses in carrying on a trade or business.

In the instant proceeding, the petitioner having failed to show what part of the $13,750 was paid for negotiating the sale of stock, which amount would not be properly deductible as an expense, the entire amount of $13,750 must be disallowed as a deduction.

*Judgment will be entered under Rule 50.*